United States Courts
Southern District of Texas
FILED

JUL 19 2010

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER: (1) AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER AND TRAP AND TRACE DEVICE, AND (2) AUTHORIZING RELEASE OF SUBSCRIBER AND OTHER INFORMATION | §§§§§§§§§§ Misc. Case No. H-10-664 M <br> **UNSEALED PER ORDER** <br> (UNDER SEAL) Order dated 2/4/12 |

## APPLICATION

The United States of America, by and through its counsel, José Angel Moreno, United States Attorney for the Southern District of Texas, and Jennifer Lowery, Assistant United States Attorney, hereby applies to the Court pursuant to 18 U.S.C. § 3122 for an order authorizing the installation and use of a trap and trace device for the following email accounts:

(1) The free e-mail account with the user name of "heatherdale79@gmail.com," with the subscriber listed as HEATHER DALE;

and hereinafter referred to in this Application as the "SUBJECT E-MAIL ACCOUNT;" which is subscribed to through Google, Inc., an electronic communication service provider, which provides free email accounts. Google, Inc. is headquartered at 1600 Amphitheatre Parkway, Mountain View, California 94043.

In support of this application, the United States shows the following:

1. Applicant is an "attorney for the Government" as defined in Rule 54(c)

of the Federal Rules of Criminal Procedure, and therefore, pursuant to Title 18, United States Code, Sections 3122(a) and 3123(a)(1), may apply for an order authorizing the installation and use of trap and trace devices.

2. Applicant certifies that the Internal Revenue Service Criminal Investigation Division (IRS-CID) is conducting a criminal investigation involving, but not limited to, the suspected users of the SUBJECT E-MAIL ACCOUNT concerning violations of federal laws, including 18 U.S.C. §§ 286, 287, 1028, and 2. Investigation has revealed the following:

   a. IRS-CID Agents in Houston, Texas are conducting an investigation of several individuals believed to be filing false tax returns using stolen identification. The individuals are then taking the federal refund money generated by the false tax returns.

   b. It is believed that the subject(s) of the investigation are using the SUBJECT E-MAIL ACCOUNT to facilitate filing of the false tax returns and the subsequent receiving of federal tax refund money. Specifically, HEATHER DALE has provided the SUBJECT E-MAIL on hotel guest registries. Internet connections used to further the criminal activity have been identified as originating from the hotels at times corresponding to HEATHER DALE'S stay.

3. A pen register, as defined in Title 18, United States Code, Section 3127(3), is "a device which records or decodes dialing, routing, addressing, or signaling information

2

transmitted by an instrument or facility from which a wire or electronic communication is transmitted, provided, however, that such information shall not include the contents of any communication." A trap and trace device is defined in Title 18, United States Code, Section 3127(4) as "a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, provided, however, that such information shall not include the contents of any communication." This definition reflects the significant amendments made by the USA PATRIOT Act of 2001 § 216, Pub. L. No. 107 56, 115 Stat. 272, 288 90 (2001). In the traditional telephone context, a pen register and trap and trace device collects origin and destination information such as the telephone numbers dialed for a telephone call. As explained below, the same principles apply in the context of electronic Internet communications and as provided for under Title 18, United States Code Section 3123(a)(1).

### Trap and Trace for Source IP Addresses Used to Access The Subject E-Mail Account at Google, Inc.

4. Google, Inc. is a provider of free electronic mail communications services. Users of Google, Inc. access its services by means of the Internet's World Wide Web. Using a standard web browser program (such as Netscape or Internet Explorer), Google, Inc. users may compose, send, and receive electronic mail through the computers in the Google, Inc. network.

5. Whenever an Internet user visits the Google, Inc. web site (or any other site on

3

the Internet), that user's computer identifies itself to the web site by means of its Internet Protocol address. An Internet Protocol ("IP") address is a unique numeric identifier assigned to every computer attached to the Internet. An Internet service provider (ISP) normally controls a range of several hundred (or even thousands of) IP addresses, which it assigns to its customers for their use.

6. IP addresses for individual user accounts (such as are made available by ISPs to the general public) are usually assigned "dynamically", meaning each time the user dials into the ISP to connect to the Internet, the customer's machine is assigned one of the available IP addresses controlled by the ISP. The customer's computer retains that IP address for the duration of that session (i.e., until the user disconnects), and the IP address cannot be assigned to another user during that period. Once the user disconnects, however, that IP address becomes available to other customers who dial in thereafter. Thus, an individual customer's IP address normally differs each time he dials into the ISP. By contrast, an ISP's business customer will commonly have a permanent, 24 hour Internet connection to which a "static" (i.e., fixed) IP address is assigned.

7. These IP addresses are, in the computer network context, conceptually identical to the origination phone numbers captured by traditional trap and trace devices installed on telephone lines. Just as traditional telephonic trap and trace devices may be used to determine the source of a telephone call (and thus the identity of the caller), it is feasible to use a combination of hardware and software to ascertain the source addresses of electronic

connections to a World Wide Web computer, and thereby to identify and locate the originator of the connection.

8. Accordingly, for the above reasons, the applicant requests that the Court enter an order authorizing the installation and use of a trap and trace device to identify the source telephone number and the IP address (along with the date and time) of all logins to the SUBJECT E-MAIL ACCOUNT. The applicant is not requesting, and does not seek to obtain, the contents of any communications.

### Pen Register and Trap and Trace Device To Collect Addresses on E-Mails Sent To/From the Subject E-Mail Account

9. It also is possible to identify the other addresses with which a user of Google, Inc. is communicating via email. An electronic message contains a "header" which contains, among other information, the network addresses of the source and destination(s) of the communication. Internet electronic mail addresses adhere to the standardized format "username@network," where "username" identifies a specific user mailbox associated with a "network," which is the system on which the mailbox is located. Standard headers denoting the source and destination addresses of an electronic mail message are "to:" and "cc:" (destinations), and "from:" (source). Multiple destination addresses may be specified in the "to:" and "cc:" fields.

10. These source and destination addresses, analogous to the origination and destination telephone numbers captured by traditional trap and trace devices and pen registers installed on telephone lines, constitute "routing" and "addressing" information, within the meaning of the pen register and trap and trace device statute, as amended by the USA PATRIOT Act in October 2001. As with traditional telephonic pen registers and trap and trace devices, it is feasible to use a combination of hardware and software to identify the source and destination addresses associated with Internet electronic mail. Importantly, "mail headers" (minus the subject lines of e-mails, which contain the e-mails' titles and can thus include content) do not contain the contents of electronic communications. Accordingly, this Application does not seek authority to intercept the contents of any electronic communications.

### Request for Pen Register and Trap and Trace Device

11. Applicant therefore requests that the Court issue an Order authorizing the installation and use of: (1) a trap and trace device to identify the source IP address (along with the date and time), but not including any contents of the communications, of all log-ins to the SUBJECT E-MAIL ACCOUNT; (2) a pen register to identify the destination addresses, including the IP address, of electronic mail communications (but not the subject lines of e-mails) originating from the SUBJECT E-MAIL ACCOUNT, along with the date and time of such communications; and (3) a trap and trace device to identify the source address, including the IP address, of electronic mail communications (but not the subject

6

lines of e-mails) directed to the SUBJECT E-MAIL ACCOUNT.

12. Applicant requests that the foregoing installation and use of the pen register and trap and trace device be authorized for a period of sixty (60) days, commencing on the date the devices are activated.

13. Applicant further requests that the Order direct that the operation of the pen register and trap and trace devices shall encompass tracing the communications to their true source, if possible, without geographic limit.

14. The Applicant further requests that the Order direct the furnishing of information, facilities, and technical assistance necessary to accomplish the installation of the pen register and trap and trace device unobtrusively, with reasonable compensation to be paid by the Applicant for reasonable expenses incurred in providing such facilities and assistance, and with minimum interference to the services that are accorded persons with respect to whom the installation and use is to take place.

15. Applicant further requests, pursuant to Title 18, United States Code, Sections 2703(c)(1)(B), (c)(2), and (d), that, for each e-mail account for which they possess such information, Google, Inc. and any other provider of electronic communication service be directed to provide to agents of the Internal Revenue Service Criminal Investigation Division: the subscriber information, including subscriber name and address, records of session times and durations, length of service (including start date) and types of services utilized, any subscriber number or identity (including any temporarily assigned network

address), and the means and source of payment for such service (including any credit card or bank account number), for all e-mail addresses and/or accounts to which e-mails are sent from the SUBJECT E-MAIL ACCOUNT, as indicated by the pen register, or received into the SUBJECT E-MAIL ACCOUNT, as indicated by the trap and trace device, whether published or non-published. In support of this request for subscriber information, Applicant certifies that, based on facts set forth above in paragraph 2, there are specific and articulable facts showing that there are reasonable grounds to believe that the contents of the requested records and information are relevant and material to an ongoing criminal investigation. The records requested will assist law enforcement in identifying and locating co-conspirators in the criminal activity.

16. Because disclosure of this Application could jeopardize the investigation for which the authorization to install and use the pen register and trap and trace device is sought, Applicant further requests that this Application be filed under seal, pursuant to Title 18, United States Code, Section 3123(d)(1), except that copies of the Court's Order in full or redacted form may be served on Special Agents and other investigative and law enforcement officers of the IRS-CID, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, as well as any service providers as necessary to effectuate the Court's Order. Applicant further requests that this Court's Order, and any subsequent Orders, be SEALED until otherwise ordered by the Court.

17. Applicant requests further that the Court's Order direct Google, Inc. and its agents, employees and affiliates, not to disclose to the subscriber, or to any other person, the existence of the requested pen register and trap and trace device, or of this investigation unless or until otherwise ordered by the Court.

WHEREFORE, it is respectfully requested that the Court grant an Order for a period of sixty (60) days, commencing on the date on which the devices described in this paragraph are activated: (1) authorizing the installation and use of: (a) a trap and trace device to identify the source IP address (along with the date and time), but not including any contents of the communications, of all log-ins to the SUBJECT E-MAIL ACCOUNT at Google, Inc.; (b) a pen register to identify the destination addresses, including the IP address, of electronic mail communications (but not the subject lines of e-mails) originating from SUBJECT E-MAIL ACCOUNT, along with the date and time of such communications; and (c) a trap and trace device to identify the source address, including the IP address, of electronic mail communications (but not the subject lines of e-mails) directed to the SUBJECT E-MAIL ACCOUNT; (2) directing Google, Inc. and any other Internet and Mail Service Provider to furnish agents of the IRS-CID, forthwith, all information, facilities, and technical assistance necessary to accomplish the installation and use of the device unobtrusively and with a minimum of interference to the service presently accorded persons whose transmissions are the subject of the pen register and trap and trace device; (3) directing Google, Inc. and any other Internet and Mail Service Provider to provide agents of the IRS-CID with all subscriber

information, as described above, for all e-mail addresses and/or accounts to which e-mails are sent from the SUBJECT E-MAIL ACCOUNT, as indicated by the pen register, or received into the SUBJECT E-MAIL ACCOUNT, as indicated by the trap and trace device, whether published or non-published; (4) directing Google, Inc. and any other Internet Service and Mail Provider, their agents and employees, not disclose to the subscriber, or to any other person, the existence of the pen register and trap and trace device or of this investigation unless or until otherwise ordered by the Court; and (5) SEALING this Application and the Court's Order in a manner consistent with the terms described in this Application.

I declare under penalty of perjury that I have discussed the foregoing Application regarding the SUBJECT E-MAIL ACCOUNT with IRS Special Agent Craig Jensen, and that the foregoing is true and correct to the best of my knowledge and belief.

EXECUTED on this the 14th day of July, 2010 in Houston, Texas.

Respectfully submitted,

JOSE ANGEL MORENO
UNITED STATES ATTORNEY

JENNIFER B. LOWERY
ASSISTANT U. S. ATTORNEY
919 Milam, Suite 1500
Houston, TX 77208
713-567-9730